## SOUTHERN RAILWAY COMPANY v. JONES.

[No. 4,839.   Filed June 9, 1904.]

PLEADING.—*Different Theories.*—*Construction on Appeal.*—Where a pleading is susceptible of more than one construction so that it may be construed as proceeding upon different theories in the statement of a cause of action, the construction placed thereon by the trial court will be the theory upon which it will be considered on appeal.  *p. 335.*

NEGLIGENCE.—*Pleading Joint Acts of Negligence.*—Where the complaint in an action against a railroad company for the injury of a passenger charged as negligence the use of defective brakes and running the train at a rate of speed in violation of a city ordinance, and neither of such acts of negligence was alleged to be the proximate cause of the injury, and it can be fairly inferred that if the train had not been going at an unlawful rate of speed the brakes would not have been insufficient, or that if the brakes had not been defective the high rate of speed could have been checked, it is essential to the sufficiency of the complaint that both acts of negligence be properly charged.  *pp. 336, 337.*

PLEADING.—*Negligence.*—*City Ordinance.*—An allegation of negligence on the part of a railroad company that it ran a train within the city limits at a rate of speed in violation of an ordinance of said city regulating the speed of trains, duly passed by the common council of such city on the 1st day of March, 1897, is defective for failing to charge that the ordinance was in-force at the time of the injury.  *pp. 335-337.*

From Crawford Circuit Court; *C. W. Cook,* Judge.

Action by William P. Jones against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*A. P. Humphrey, J. D. Welman, M. W. Fields* and *J. L. Suddarth,* for appellant.

*Cox & Hunter* and *R. W. Armstrong,* for appellee.

COMSTOCK, J.—Action by appellee against appellant for personal injuries sustained while being carried as a passenger on appellant's freight-train on the 4th day of January, 1902. The complaint is in two paragraphs. The first

charges that while appellee was a passenger on one of appellant's local freight-trains, going to the city of Huntingburg, the appellant carelessly detached the train from the caboose, and ran the engine ahead, and stopped it on the main line, and then permitted the caboose to follow down a steep grade, without any brakes being set, until it collided with the rear of the train, whereby appellee was thrown from his seat in the car and injured. The second charges that appellee was a passenger upon appellant's freight-train, and that appellant negligently used defective brakes, brake-shoes, rods, and beams, which, on account of their defective condition, would not hold the caboose when applied thereto, and that it negligently violated an ordinance of the city of Huntingburg regulating the speed of trains, and that appellee's injury was due to the combined effect of said defective brake and the violation of said ordinance, and not otherwise. The cause was put at issue by general denial, and tried by a jury, which returned a verdict in favor of appellee for $1,850, upon which the court rendered judgment.

The errors discussed are the actions of the court in overruling appellant's demurrer to the second paragraph of the complaint and the motion for a new trial.

The complaint charges as negligence the use of defective brakes, and the running of the cars at a high rate of speed, in violation of a city ordinance which made it unlawful to run a locomotive, train, or cars at a greater rate of speed than eight miles an hour within the corporate limits of the city of Huntingburg. The specific allegation is as follows: "That by reason of the carelessness and negligence of said defendant in failing and neglecting properly and securely to supply said caboose with good, sound, safe, and secure appliances, whereby the speed of the same could be controlled, and by reason of the carelessness and negligence of said defendant in running its said train at such high rate of speed, to wit, twenty miles per hour, within the

corporate limits of said city of Huntingburg, and thereby causing said collision as aforesaid, he received his said injuries, and not otherwise." The injury is thus stated to be due to the two causes named.

In the third instruction the jury were told that, if the plaintiff was injured by reason of the fact that the train was run in excess of the rate allowed by the city ordinance, together with the further fact that the caboose in question had defective brakes, they should find for the plaintiff. The sixth instruction given the jury by the court of its own motion stated the theory of the paragraph to be that the plaintiff was injured by the combined effect of two acts— the running of the train in excess of eight miles an hour in violation of a city ordinance, and in not having a proper and sufficient brake on the caboose to check it.

We look to the leading allegations of a complaint to determine its theory. *Cleveland, etc., R. Co. v. Dugan,* 18 Ind. App. 435, and cases cited. Where the facts pleaded are susceptible of more than one construction, so that they may be construed as proceeding upon different theories in the statement of a cause of action, the construction placed upon them by the trial court will be the theory upon which they will be considered by an appellate court. *Callaway v. Mellett,* 15 Ind. App. 366, 57 Am. St. 238. The theory of the complaint is clear in our opinion, but, if it were susceptible of doubt, the instructions to which we referred make manifest the theory adopted by the court and upon which the cause was tried. It is essential, therefore, that both acts of negligence should be properly stated. In charging the violation of a city ordinance there is no averment that the ordinance was in force at the time of the accident. The allegation is as follows: "That on the first day of March, 1897, the common council of the city of Huntingburg duly passed an ordinance regulating the speed of trains, engines, and cars within its limits, which ordinance is of the following purport," etc.

In *Lake Erie, etc., R. Co.* v. *Mikesell*, 23 Ind. App. 395, the act of negligence charged in one paragraph of the complaint was the running of a train by the defendant within the city limits of the city of Frankfort at a faster rate of speed than four miles an hour, in violation of an ordinance of said city "passed and ordained by the common council" of said city on the 27th day of November, 1889. This court held that this was not an averment that there was in force at the time an ordinance limiting the speed of trains. It is directly in point. Where one or more facts are essential to a cause of action, and any one of them is not sufficiently charged, the complaint is bad. *Terre Haute, etc., R. Co.* v. *McCorkle,* 140 Ind. 613.

The essential facts depend upon the theory upon which the complaint is drawn. Counsel for appellee insist that by alleging more than one cause of action appellee is not required to prove them all, that the acts of negligence set out are not dependent upon one another, that appellee was required to prove but one act of negligence to make out his case, and that what is said about the ordinance may be regarded as surplusage. The proposition that all acts of negligence averred need not, as a general rule, be proved, is true, but in the complaint before us the two facts combined are made the cause of action. It is not averred that the brake would have been insufficient to check the caboose if it had been going at the rate of only eight miles an hour. It may be fairly inferred that if the caboose had not been going at an unlawful rate of speed the brakes would not have been insufficient, or that if the brakes had not been defective the high rate of speed could have been checked; in other words the high rate of speed rendered the brakes useless.

If each cause of action set out is independent, neither is charged to be the proximate cause of appellee's injury. So that upon either theory the complaint is bad. The necessity of charging both acts constituting the negligence

correctly is emphasized by the fact that in said sixth instruction the jury are told that they may find for the plaintiff upon proof of only one of the acts charged. The record discloses no evidence showing any defective or insufficient brake or brakes. So that the recovery must have been had either without any evidence or upon a cause not pleaded.

Appellant argues that .the ordinance does not apply to railroad companies. Section 1309 Burns 1901 defines the word "person" as extending to bodies politic and corporate. The purpose of the ordinance was to protect citizens and property from the danger of the high speed of railroad trains and locomotives in the city of Huntingburg, and is applicable to appellant corporation.

The second paragraph of the complaint was defective for the reasons given, and as it does not appear from the record that the verdict was rendered upon the first paragraph, the judgment must be reversed. The complaint being insufficient it is not necessary to consider the motion for a new trial.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the complaint.