SOUTHERN INDIANA GAS AND ELECTRIC COMPANY *v.*
WINSTEAD.

[No. 14,077. Filed March 25, 1931.]

*William Espenschied, William Espenschied, Jr.,* and *Frederick P. Bamberger,* for appellant.

*Charles F. Werner, Oscar Lanphar, George Zimmerman* and *R. W. Armstrong,* for appellee.

Wood, J.—This was an action brought by the appellee against the appellant for damages for personal injuries suffered by appellee in a collision at a street crossing, by an automobile occupied and driven by appellee, with a street car operated by appellant. The cause was submitted to a jury for trial, a verdict was returned in favor of appellee, upon which judgment was rendered. Appellant filed a motion for new trial, this was overruled, and appellant appealed to this court.

The appellant assigns as error: (1) The overruling of its demurrer to appellee's complaint; and (2) the overruling of its motion for a new trial.

Before considering the errors complained of by appellant, it is necessary that we give consideration to the sufficiency of the record. Appellee insists with much vigor that neither the instructions nor the bill of exceptions containing the evidence is in the record. We have made a careful examination of the authorities and the record and are thoroughly satisfied that the contention of the appellee cannot be sustained. The record shows that, upon January 20, 1930, appellant's motion for a new trial was overruled, and it was given 90 days in which to file a bill of exceptions containing the evidence. The bill of exceptions was presented to and signed by the trial judge upon March 20, 1930. After which, on the same day, as recited by the record, the bill was filed with the clerk of the circuit court as a part of the record in the cause. The certificate of the clerk to the transcript fully identifies the bill of exceptions as the original one filed in his office. The evidence is in the record, §686 Burns 1926; *Zollman* v. *Baltimore, etc., R. Co.* (1918), 70 Ind. App. 395, 121 N. E. 135, and au-

thorities cited. It is apparent from an examination of the record that the provisions of Acts 1907, ch. 283, p. 652, §586 Burns 1926, setting out the method of incorporating instructions in the record were adopted in this case. The requirements of this statute were followed in detail and the instructions are properly in the record.

Counsel for appellant have limited the discussion in their brief to alleged errors committed by the court in reading to the jury, instructions Nos. 3, 5, 7, 11 and 13, tendered by appellee, and state in their reply brief that they have waived all other alleged errors of which complaint was made. A consideration of these instructions requires brief reference to the complaint. Appellee's complaint consisted of one paragraph. The gist of that portion thereof which charges negligence on the part of appellant is as follows: That appellant operated a street railway along Barker Avenue in the city of Evansville, that, at a point in said street where the rails of the track curve from the west side of the street to the center thereof, appellant provided a crossing so that vehicles traveling south on the street could cross over the tracks to the west side thereof; that this crossing was maintained in a careless and negligent manner, so that the wheels of automobiles in attempting to cross over the track would strike and slide against the rails which were permitted to extend above the surface of the earth, and thus hold automobiles on the track; that, because of this manner of maintaining said crossing, appellee, while attempting to cross over with his automobile, was held thereon, and unable to extricate himself; that, while he was in that perilous position, the appellant's servants, with full knowledge of that fact, and seeing the position of appellee for more than 400 feet, carelessly and negligently ran a street car toward appellee without making any effort to stop, check, slow down

or bring it to a standstill; that, seeing and knowing of appellee's situation and that he was unable to extricate himself from the same, said servants continued to run a street car at the rate of 30 miles per hour upon and over appellee, causing permanent injuries; that said injuries were caused, all by reason of the carelessness and negligence of the appellant, its servants and employees, as charged in the complaint, and not otherwise; that the appellant and its servants in charge of the street car, were careless and negligent in running it onto and over appellee, when they saw his perilous situation, and were careless and negligent in failing and refusing to stop the car, and allow appellee to escape injury; that appellee was without fault.

Counsel for appellants take the position that the complaint cannot be construed upon any theory other than that the injuries suffered by appellee were the result of two concurring acts of negligence, and that, in the absence of either one of them, the collision between the automobile and street car could not have occurred. Counsel for appellee say in their brief: "The court will observe that this complaint is predicated upon the negligence of the defendant in maintaining a dangerous crossing on Barker Avenue, one of the streets in the City of Evansville, and also in negligently running and operating one of its cars and allowing the same to run onto the plaintiff, when his car was caught on one of the steel rails of the defendant's street car track, and in a place where he could have been seen by the motorman in ample time to have checked the street car." It is very evident from an examination of the complaint that it was drawn upon the theory that the injuries alleged to have been received by appellee were caused by two dependent, concurring acts of negligence committed by appellant, viz., the negligent maintenance of the crossing and the negligent operation of the street car, the proof of

both of which is necessary to entitle appellee to a recovery. But, it is insisted on behalf of appellee, notwithstanding the statement contained in his brief, and above quoted, that "this is not a case where both acts of negligence must concur to produce the injury," which, if true, would have the effect of attributing to the complaint a theory quite different from the one which we adopt. That a complaint must proceed on some definite theory, which must be adhered to throughout the trial, and upon appeal, is so thoroughly settled that the citation of authorities is unnecessary.

In a case where two concurring acts of negligence are alleged to have been committed by the same party, from which an injury results, and which injury would not have resulted in the absence of either one of said acts, in order to sustain a recovery for damages in such a case, it is necessary to prove both of the negligent acts, *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 34 N. E. 569; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 40 N. E. 62; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 135 N. E. 481; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333, 71 N. E. 275; *New York, etc., R. Co.* v. *Robbins* (1905), 38 Ind. App. 172, 76 N. E. 804; *Indiana Match Co.* v. *Kennedy* (1910), 45 Ind. App. 627, 90 N. E. 486; *Merica* v. *Fort Wayne, etc., Traction Co.* (1912), 49 Ind. App. 288, 97 N. E. 192; *Pittsburgh, etc., R. Co.* v. *Broderick* (1913), 56 Ind. App. 58, 102 N. E. 887; *Southern R. Co.* v. *Weidenbrenner* (1915), 61 Ind. App. 314, 109 N. E. 926; *Wormsdorf* v. *Detroit City R. Co.* (1889), 75 Mich. 472, 42 N. W. 1000, 13 Am. St. 453; *Kirn* v. *Harvey* (1918), 200 Mo. App. 433, 208 S. W. 479; *Walsh* v. *East Butte, etc., Co.* (1923), 66 Mont. 592, 214 Pac. 641; *Frederick* v. *Hale* (1910), 42 Mont. 153, 112 Pac. 70; *Forsell* v. *Pittsburgh, etc., Co.* (1909), 38 Mont. 403, 100 Pac. 218; *Ebsery* v. *City of Chicago* (1897), 164

Ill. 518, 45 N. E. 1017; 1 Thornton, Negligence §24; 45 C. J. §712, p. 1128.

Appellee's counsel, in their brief, say, "this is a case where the plaintiff received his injuries by reason of one of the acts charged in the complaint, being the proximate cause of the injury, and the sole cause." Appellee's complaint does not admit of this construction. It has been held that "the question of proximate cause does not arise in an action for personal injury occasioned by an accident resulting from two or more causes for all of which the defendant is responsible," and where, "if either cause had been absent, the accident would not have happened and as the defendant was responsible for both, it is useless to speculate as to which was the remote and which the proximate cause," *Williams* v. *Chicago, etc., R. Co.* (1913), 169 Mo. App. 468, 155 S. W. 64; *Kraut* v. *Frankford, etc., R. Co.* (1894), 160 Pa. St. 327, 28 Atl. 783, which is another way of saying that the concurrent acts of negligence must be proved.

In instruction No. 3, tendered by appellee and read to the jury, it was told that the appellant had the right to construct the crossing, but if it was permitted to get out of repair, remain in that condition, allowing the steel rails to extend above the surface of the ground so as to interfere with the public in using same, and "by reason of the defective condition of said crossing as charged by plaintiff in his complaint, the plaintiff was injured, if you find from the evidence that said crossing was defective, at the time plaintiff received his injury, and that the negligence of the defendant, as charged in the complaint herein, in permitting its crossing to become out of repair was the proximate cause of plaintiff's injury," and that plaintiff was not guilty of contributory negligence, the jury would be justified in finding for the plaintiff.

In instruction No. 5, the jury was informed that it would be justified in finding for the plaintiff, if it found

from the evidence that he had sufficient time to pass over the crossing, and would have done so, had it not been for the negligent manner in which the crossing was maintained by defendant, and, by reason thereof, plaintiff received his injury.

In instruction No. 7, the court said to the jury that, if the plaintiff, when about to cross the tracks of defendant, looked up and down the track for cars, saw a car approaching at a distance of more than 300 feet, that, by reason of the defective crossing as alleged in the complaint, he was prevented from crossing over same, and said defective condition of the crossing caused plaintiff to receive his injury, he would be entitled to recover.

Instruction No. 13, which was tendered by the appellee and read to the jury, is very similar to instruction No. 3, a substantial portion of which is set out above.

It will be observed that, in all of these instructions, the jury was told, that if, by reason of the defective condition of the crossing, the appellee was prevented from passing over the same, and received injuries, it would be justified in finding that to be the proximate cause of appellee's injuries, and could award him damages, thus authorizing a recovery upon this single act of negligence on the part of the appellant, and eliminating the other essential concurrent act of negligence, viz., the negligent operation of the street car as alleged in the complaint, for, even though the appellee was fast on the defective crossing, he would have suffered no injury from that situation alone. It was the concurrent negligent operation of the street car that caused the injury, without which act on the part of appellant, the accident could not have happened.

McCabe, C. J., in the case of *Terre Haute, etc., R. Co.* v. *McCorkle, supra,* said: "The instruction clearly implies that the jury may, if it does not expressly direct them to, find for the plaintiff if only one of the alleged

defects in the car is established by the evidence."
After having discussed the theory of the complaint in that
case, and the necessity of adhering to a definite theory
throughout the case, he continues, "but when a cause of
action depends on two or more facts, no proof short of
proving the substance of each and every one of them
will warrant a recovery. That is, if the cause of action
consists of and depends on the establishment of three
facts and the proof only establishes two of them, the
evidence is not sufficient to support the verdict." In
the case of *Ebsery* v. *City of Chicago, supra,* the Supreme
Court of Illinois said: "We have frequently held, that
a party must recover, if at all, on and according to the
case he has made for himself in his declaration; and that
he is not permitted to make one case by his allegations,
and recover on a different case made by his proof."

These instructions were a departure from the theory of the complaint and should not have been given.

Complaint is made of instruction No. 11 tendered by
appellee and read to the jury. In this instruction, the
jury was told that if it found that appellant operated its
street car in the manner alleged in the complaint and
that the conduct of appellant in this regard was the
proximate cause of the injuries to the appellee, then it
would be justified in finding for him. The concurrent
negligent act of maintaining the crossing is eliminated
from this instruction. It is lacking in the same essentials
suggested in the instructions heretofore discussed.

Because of the errors above suggested, this cause is
reversed, and a new trial ordered.