## WAGONER *v.* ROSE ET AL.

[No. 14,573. Filed December 14, 1934. Rehearing denied April 1, 1935.]

*James E. Rocap, John J. McShane, Albert H. Cole,* and *John T. Rocap,* for appellant.

*Russell J. Wildman,* for appellees.

CURTIS, J.—This is an appeal from a judgment for damages in favor of Marie Rose, now deceased, on account of personal injuries sustained by her during her lifetime while she was a passenger in an automobile owned and operated by one Fred Marshall, which automobile collided with a curb and telephone pole near the intersection of West Main and Lafayette Streets in

the city of Peru, Indiana. In the action in the court below, the plaintiff, Marie Rose, charged that this appellant failed 'to stop his automobile before entering West Main Street from Lafayette Street, and thereafter stopped his automobile in the intersection of said streets and directly in the path of the automobile in which she was a passenger, thereby causing said automobile to be turned so as to strike said curb and telephone pole.

After the rendition of the judgment on September 28, 1931, the death of the plaintiff, Marie Rose, was suggested, and the trial court ordered appellee, George Rose, administrator of the estate of Marie Rose, deceased, to be substituted as plaintiff. George Rose, administrator of the estate of Marie Rose, deceased, was made a party to this appeal as shown by the assignment of error.

Appellee's complaint was in one paragraph, to which appellant filed an answer in general denial.

Upon the issues thus formed the cause was tried to a jury, resulting in a verdict against appellant for $2,000.00. Thereupon appellant filed a motion for a new trial which motion was overruled with an exception to appellant. The court rendered judgment on the verdict for $2000.00 and costs in favor of appellee and against appellant and this appeal was prayed and perfected.

The overruling of appellant's motion for a new trial is the only error assigned and relied upon for reversal. It contains 52 causes or grounds, the first three being, respectively, that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, and is excessive. Causes 4 to 17, inclusive, allege error in the giving of each of appellee's tendered instructions numbers 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, 14, 16, and 19, respectively; causes 18 to 22, inclusive, base error on the refusal to give each of instructions num-

bered 2, 3, 4, 11, and 15, tendered by the appellant; causes 23 to 52, inclusive, relate respectively to various rulings of the court upon questions of evidence. In his brief under the heading of propositions, points and authorities the appellant, insofar as the instructions are concerned, discusses alleged error as to the giving of each of appellees' tendered instructions numbered 8, 9, 11, 12, 13, 16, and 19, and alleged error in the refusal to give each of appellant's tendered instructions 2, 3, and 4 only, and, therefore, alleged errors as to other instructions as set out in the assignment of error are waived. Causes 23, 24, 25, 28, 29, 36, 37, 40, and 41 of the motion each base error upon rulings of the court in admitting evidence over the appellant's objection that Main Street in the city of Peru was a State Highway numbered 24 and 31. Causes numbered 30, 31, 32, 33, 34, 35, 38, 39, 42, and 43 each base error upon rulings of the court in admitting in evidence over the objection of the appellant that there was a stop sign on LaFayette Street at the intersection of Main Street. Causes 48, 49, 50, 51, and 52 each base error upon ruling of the court in admitting in evidence over the objection of the appellant the record of the Metropolitan Police Board showing the adoption of a penal ordinance or regulation which provided for the designation of West Main Street in the city of Peru as a preferential street and the erection of stop signs at street intersections. The question of excessive damages is raised by cause number 3 of the motion and by the objection to appellee's instruction number 16.

In determining the questions presented we have deemed it advisable to set out the complaint, omitting the formal parts and prayer, as follows: "The plaintiff, Marie Rose, complains of the defendant, William H. Wagoner, and for cause of action says: That on the 27th day of February, 1930, this plaintiff was riding as

an invited guest in an automobile which was being driven to the west on West Main Street in the city of Peru, Miami County, Indiana, at about the hour of two-thirty o'clock P. M. That at approximately the same time, the defendant was operating his automobile to the northward on LaFayette Street, at and near the intersection of Main and LaFayette Streets in the said city of Peru, Miami County, Indiana, which said intersection of said streets is in the residential district of the city of Peru, Indiana, and that West Main Street, at said point was, at said time a State Highway and was a preferential street and that at said time it was so designated as a preferential street by two stop signs which were placed near the said intersection.

"Plaintiff further avers that the said defendant, in the operation of his said automobile, did not stop at said intersection before coming in to Main Street and did not give the right of way to automobiles, and especially the automobile in which this plaintiff was approaching from the left hand side of said defendant on a preferential street, but carelessly and negligently failed and neglected to stop before entering upon said intersection, and carelessly and negligently entered into and upon said intersection without having first stopped his said automobile and without first having looked carefully to ascertain the traffic on West Main Street and as a result thereof, the said defendant, after having proceeded partially across said intersection, saw a car coming from the west and also the car in which this plaintiff was riding, coming from the east. That the said defendant then carelessly and negligently stopped his automobile near the middle of said intersection, thus and thereby compelling the driver of the automobile in which plaintiff was riding to either run into the said defendant or else turn his said car to the north into the street curb and thus attempt to avoid collision.

Plaintiff further avers that the automobile in which she was riding was turned to the north and to the curb and as a result of the collision of said automobile with the curb, this plaintiff was thrown into the top of said automobile and she was thereby injured in the follow: ing manner to-wit: Her face and head were severely cut, torn and lacerated; her body was severely bruised and her nervous system was severely shocked and by reason of such injury she required medical care and attention, for which she has expended $50.00; she was confined to her bed with said injuries for two weeks and she has received cuts and scars which disfigure her face and which said disfigurement is permanent and her nervous system has been so impaired as to permanently injure her good health in such a manner as to cause her to suffer from nervous ailments during the rest of her life. That all of said injuries were direct and proximate result of the carelessness and negligence of the defendant as hereinabove set out and that by reason thereof, she has been damaged in the sum of $5000.00."

The appellant has presented an able brief in support of his contentions. He argues that the verdict is contrary to law in that he says it is contrary to the principles of law as applied to the facts which the jury was called upon to try; contrary to the principles of law which should govern the case, and in that it was improperly affected by errors of law occurring at the trial in the admission of improper evidence to the effect that West Main Street at the place of the accident was State Highways 24 and 31; that stop signs had been erected before the accident on LaFayette Street where it crossed West Main Street warning drivers thereon to stop before entering West Main Street and in admitting in evidence the resolution of the Board of Police Commissioners that purported to

designate West Main Street as a preferential street and in giving certain erroneous instructions and in refusing to give certain proper instructions tendered by the appellant. In the same connection the appellant also contends that the verdict is both contrary to law and not sustained by sufficient evidence for the reason, as he says, that the evidence shows that the sole proximate cause of the appellee's injury was the negligence of Marshall, the driver with whom the appellee was riding, and further that no actionable negligence is shown on the part of the appellant. The verdict of the jury, however, settles these latter contentions against the appellant unless such verdict may be said to have been improperly affected by an error or errors of law occurring at the trial as pointed out by the appellant in his brief. We now examine those questions.

Speaking broadly and generally of the complained of evidence and instructions we may say that in our opinion there was evidence properly admitted and in some instances without objection from which the jury could conclude that State Highways 24 and 31 were routed along West Main Street. Such signs, according to the evidence, were to be seen along the street. The appellant himself testified that there was a stop sign on LaFayette Street at the northwest corner of West Main and LaFayette Streets and that he lived nearby and had seen it and that on the day in question at the time of the accident as he drove south on LaFayette Street to cross West Main Street he stopped to look both ways for traffic before attempting to cross. Whether he exercised proper care in the crossing of West Main Street at the time of the accident was a question of fact for the jury as was also the question as to whether or not the negligence of Marshall, if any, was the proximate cause of the injury. Both of these questions were decided by the jury adversely to the

appellant. The ex-chief of police of Peru testified that while he was in office he superintended the placing of the stop signs along West Main Street at the street intersections. Whether he did it by virtue of the resolution of the board of police commissioners, or by order of the common council of the city, or its mayor, the fact remains that such signs were there at the street corner in question and that the appellant knew of such signs and he says he obeyed them. That he knew of the sign is his own admission. Whether or not he obeyed it at the time of the accident was a question of fact for the jury.

In the instant case, in view of other competent evidence which we think warranted the jury in reaching the conclusion it reached, we do not believe it was necessary, to prove the technical legal steps by which West Main Street became officially a part of State Highways 24 and 31, nor was it necessary to prove the technical legal steps by which the stop signs were placed by the city of Peru. For the purpose of determining the negligence or lack of negligence of the appellant and whether or not such negligence, if any, was the proximate cause of the appellee's injury we think such facts sufficiently established by other competent evidence within the issues. We have examined each complained of ruling on the evidence and we believe no reversible error was committed. The instructions were based upon the evidence under the issues and when considered as a whole, as they must be, we have found no basis for reversal. Not all of the instructions were models but on the whole we believe the jury was fully and fairly instructed, and that the verdict was not improperly affected thereby.

We would not be able to say as a matter of law that the verdict is excessive. The doctor who treated the

appellee said in part: "The injuries I found that she had at that time was a bruise about the face and some lacerations. Her chin was somewhat cut; and lip. Her teeth were loosened and her jaw bone broken. I don't remember the number of teeth loosened, three or four teeth were loosened. Her upper teeth were knocked loose. It seems to me, I am not perfectly clear but it seems to me as I remember, the break in the jaw-bone was somewhat through the lower maxilla and the teeth from that was loosened as well as the upper. The cut on her chin as I remember was over the lip downward toward the center and down over her chin, that cut healed up; her teeth reset somewhat. I haven't seen the teeth since it healed. Her nerves of course she had gone through quite an excitement, some shock connected with it. I continued to treat her until she was able to be released. That must have been three or four weeks, I don't remember exactly. I do not remember having seen her since. As far as I know I had been her physician or doctor prior to this accident, I had seen her a few times, never remember doctoring her very much." The allegations of the complaint do not bring the case within the rule recently announced by this court in the case of *Southern Gas, etc., Company* v. *Winstead* (1931), 92 Ind. App. 329, 175 N. E. 281, that in a case where two concurring acts of negligence are alleged to have been committed by the defendant from which an injury results, and which injury would not have resulted in the absence of either one of said acts, in order to sustain a recovery for damages in such a case, it is necessary to prove both of the negligent acts.

On the whole we think a correct result was reached and this is an additional reason for our conclusion not to disturb the judgment below.

Judgment affirmed.