RICHARDS *v.* REEVES ET. AL.

[No. 18,305.   Filed February 4, 1898.]

COMPLAINT.—*Action to Enforce Lien on Real Estate by Infant Lega-
tees.—Demand.—*Where by the terms of a deed the grantee thereof
was to pay to each of grantor's infant grandchildren a certain sum
of money upon their arrival at the age of twenty-one years, respect-
ively, a complaint by such grandchildren in an action against
grantee, after their arrival at full age, to enforce a lien against
the real estate so conveyed, need not allege a demand. *pp. 427, 428.*

DEEDS.—*Gifts.— When May be Revoked.—*Where a person old and
infirm made a conveyance of her real estate to her son, conditioned
that he should pay a certain sum of money to her grandchildren
upon their arrival at the age of twenty-one years, reserving a life
estate therein for herself and husband, and intending to reserve the
right to revoke the deed in case it should turn out that the income
from the property should not be sufficient for her support and that
of her husband, besides paying the necessary expenses of caring for
the property, but through her own ignorance and mistake and that
of the scrivener, such reservation was not put in the deed. a recon-
veyance thereof by the son at the request of the grantor, in consid-
eration that if the son would pay the taxes and other expenses
against the land she would reconvey same to him free from the
conditions in favor of the grandchildren, defeated and revoked the
gifts made to the grandchildren by the first deed. *pp. 428-434.*

From the Sullivan Circuit Court.   *Reversed.*

*John S. Bays,* for appellant.

*Briggs & Lindley,* for appellees.

HOWARD, C. J.—This was an action by appellees
against appellant and his grantee, one James M. Hum-
mel, to enforce in favor of appellees a lien alleged to
exist upon a certain forty acres of land, by virtue of a
conveyance thereof made to appellant.   From the
complaint it appears that the appellant is the son,
and the appelles are the grandchildren, of one Sarah
I. Thompson, who departed this life intestate May 9,
1888, her husand having died before her.   On Septem-
ber 9, 1879, the said Sarah I. Thompson was the owner

in fee of the land upon which the lien is claimed; and on that day, by warranty deed, she and her husband conveyed said land to her son, the appellant, reserving a life estate therein for herself and her husband. One consideration of the conveyance so made was that appellant, his heirs or assigns, should pay, or cause to be paid, to each of the appellees, the sum of $100.00 on the arrival of each, respectively, at the age of twenty-one years. It is alleged that the appellant accepted said deed, and placed the same on record, that the appellees, who were minors at the execution of the deed, are all now of full age; and that no part of said sum of $100.00 due to each has been paid.

It is contended by appellant that the complaint is insufficient, for the reason that no demand is shown. In the very similar case of *Pruitt* v. *Pruitt*, 91 Ind. 595, it was held that, the time for payment being fixed in the contract, no demand was necessary. The deed in this case provided that the money should be paid to appellees by their uncle on their coming of age, respectively, and this time was ascertainable on inquiry. The court did not, therefore, err in overruling the demurrer to the complaint.

The appellant filed an answer in which it was averred that at the time of making the deeds the said Sarah I. Thompson and her husband were old and infirm; that the land so disposed of was all the property that either she or her husband then or at any time thereafter owned; that she and her husband, being unable to work and earn their living thereby, believed that said forty acres of land would afford them necessary maintenance during their natural lives, and desired, in case the rents and profits of the land were sufficient so to support them, that, on their death, the property should go to her son, subject to the payments to her grandchildren provided for in the deed; that she and

her husband also believed that, besides their support, the rents and profits of the land would be sufficient to pay all assessments and taxes on the property and keep up all necessary repairs thereon.    But, it is averred, the said Sarah I. Thompson had no purpose or intention, in executing said deed, to make the same irrevocable; that, on the contrary, she reserved to herself the right to revoke the same should she find the interest thus reserved insufficient for her support and that of her husband, but, by ignorance and mistake on her part and on the part of the scrivener, she did not express in the deed such right of revocation; that after the execution of the deed she attempted to support herself and her husband, and pay said taxes and other expenses, by the use, control, rents and profits of said property; but that after about one year she became sick, and incurred obligations for medical treatment, and then discovered that it would be impossible to obtain support for herself and her husband from said premises, and also to pay said medical charges, taxes, and other expenses, besides keeping said property in repair; that thereupon the said Sarah I. Thompson and her husband, for the purpose of carrying out their intention that said land should furnish them a support during their natural lives, demanded of appellant a reconveyance of the land, agreeing that, as a part of the consideration for such reconveyance, appellant should not be required to pay to appellees said sums made a charge upon said land.    It is finally averred, that, in order to enable the said Sarah I. Thompson to revoke the deed mentioned in the complaint, with the view to carry out her purpose to obtain her livelihood from said land, and in pursuance of her promise to reconvey said land to appellant, and to revoke and annul the conditions as to appellees, and in further consideration that appellant would pay all

taxes and assessments against said premises, and keep up the necessary repairs thereon during the natural lives of the said Sarah I. Thompson and her husband, said appellant and wife did reconvey said land by warranty deed to the said Sarah I. Thompson. To this answer a demurrer was sustained, and, the appellant refusing to plead further, judgment was rendered in favor of appellees. The amounts found due the appellees were declared liens on said land, and the liens ordered foreclosed, and, on failure to recover from appellant the sums so found due on such liens, the land was directed to be sold to satisfy the same.

There is no doubt that, in the making of the deed referred to in the complaint, Mrs. Thompson designed to give the property which she should have left at her death and the death of her husband to her son and her minor grandchildren, and it is equally clear that the deed was accepted by her son with the agreement that he would pay to the grandchildren the consideration in their favor named in the deed. As a general rule, such a deed is irrevocable, without the consent of the beneficiaries. By the reconveyance, appellant could, of course, as he did, consent to the revocation of the deed, but such action on his part could not bind appellees. As said in *Pruitt* v. *Pruitt, supra,* the delivery of the deed to appellant, containing the provision for paying the money to the appellees, became, as to Mrs. Thompson, an executed gift of appellant's promise to pay the money. The placing of the deed upon record operated in favor of appellees as well as of appellant. From the beneficial character of the provision for appellees, an acceptance may be presumed. In the case of minors, no formal acceptance of a gift is required in order to make it binding. The law implies an acceptance, even though the infant is ignorant of the gift. It becomes binding and irrevo-

cable as soon as it passes from the control and dominion of the donor. See, further, *Waterman* v. *Morgan,* 114 Ind. 237; *Copeland* v. *Summers,* 138 Ind. 219, and authorities cited in those three cases. In 1 Perry Trusts, section 104, as cited in *Ewing* v. *Jones,* 130 Ind. 247, is found a like statement: "A trust once created and accepted without reservation of power can only be revoked by the full consent of all parties in interest; if any of the parties are not in being, or are not *sui juris,* it cannot be revoked at all."

But it is averred in the answer that the donor here did intend to reserve in her deed a right to revoke the same, in case it should turn out that the income from the property should not be sufficient for her support and that of her husband, besides paying the necessary expenses of caring for the property; and that, through her own ignorance and mistake and that of the scrivener, such reservation was not put in the deed. We are inclined to think that Mrs. Thompson herself might have secured a revocation or a reformation of her deed by giving evidence in support of allegations such as those made in this answer. If she could, it is not apparent why she might not attain the same end by revoking her deed in the manner disclosed in the answer.

As said in *Ewing* v. *Wilson,* 132 Ind. 223, "it is too well settled to admit of controversy that parol evidence is competent for the purpose of proving fraud or mistake," and also: "It is an elementary rule that parol evidence is competent to prove the consideration of a deed, and a rule of like elementary character is, that parol evidence is admissible even where there is no fraud or mistake to show facts surrounding the execution of an instrument." See also *Ewing* v. *Bass, ante,* 1.

As further said in the two cases last cited, it ap-

pears here that the immediate parties to the deed did not intend that the instrument should be irrevocable. The mere fact that a reconveyance was made, is at least indicative of their belief that the gift was not irrevocable. Had Mrs. Thompson and her husband found that they should be able to obtain their support and necessary expenses from the rents and profits of the land, undoubtedly the deed would have remained as drawn; but this, of itself, does not show to a certainty that she did not intend to retain the power to revoke the gift thus made, in case it should turn out that she had thus deprived herself and her husband of the means of living during their declining days.

It is to be remembered that this was not, strictly speaking, a contract between Mrs. Thompson and appellees, but a gift by her to them. They had given nothing for what was promised them in the deed; and while, in general, a gift, under such circumstances, will be upheld in favor of a donee who is unwilling that it should be revoked, and particularly in favor of a minor for whom the law makes an acceptance, and who is himself unable to relinquish such gift, yet the reasons for upholding a contract do not obtain in all their force in favor of sustaining a simple gift, whether *inter vivos* or *causa mortis.* Equity will set aside such a voluntary gift when it is made to appear that the donor did not intend to make it irrevocable, or where the settlement would be unreasonable or improvident for lack of a provision for revocation. Mrs. Thompson had the first right to the use of her property; and if, through kindness to her son and grandchildren, she forgot what might be needed for her own and her husband's feeble old age, and so, improvidently, deeded to them what she herself required to live upon, and which she never intended to give up, so far as might be necessary for her sustenance, then the deed resulting from

such a mistake will be set aside, as in other cases of mistake or in case of fraud. Even in case of pure contract, and where there is no question of gift, the law will give relief where proof of mistake or fraud is clear and convincing. Equity will not lend its sanction to what is unconscionable.

In *Garnsey* v. *Mundy*, 24 N. J. Eq. 243, a voluntary deed of trust, reserving no power of revocation, made with a nominal consideration, and without legal advice as to its effect, and when there was evidence that its effect was misunderstood by the grantor, was set aside, and a reconveyance ordered; and it was there further held that the fact that the grantor's infant children were beneficiaries under the deed would not prevent the relief. See note to this case, 13 Am. Law Reg. 345. See, also, *Everitt* v. *Everitt*, L. R. 10 Eq. 405, and *Woolaston* v. *Tribe*, L. R. 9 Eq. 44. In *Coutts* v. *Acworth*, L. R. 8 Eq. 558, it was said: "The party taking a benefit under a voluntary settlement or gift containing no power of revocation, has thrown upon him the burden of proving that there was a distinct intention on the part of the donor to make the gift irrevocable. And, where the circumstances are such that the donor ought to be advised to retain a power of revocation, it is the duty of the solicitor to insist upon the insertion of such power, and the want of it will in general be fatal to the deed." Whether this English statement of the rule is too strong we need not say. It is enough, in this case, that the facts admitted to be true by the demurrer to the answer show that Mrs. Thompson's deed was improvident, that she needed the property for herself and her aged husband, that she intended to retain the right to revoke the gift, and that it was only by her own ignorance and mistake, and that of the scrivener, that a clause to show

the retaining of such right of revocation was not inserted in the deed. If the facts were different, the appellees should show them by reply and by proof.

Judgment reversed, with instructions to overrule the demurrer to the answer.