## GOULD STEEL COMPANY v. RICHARDS.

[No. 3,769. Filed January 27, 1903.]

NEGLIGENCE.—*Complaint.*—*Two Acts of Negligence.*—*Proof.*—If two acts of negligence are averred and the only injury complained of resulted from these two acts acting conjointly, there can be no recovery if one of the acts of negligence is found not to exist. *p. 352.*

SAME.—*Complaint.*—Where there are several charges of negligence, either of which is sufficient, it is not necessary to prove the several charges. *p. 353.*

SAME. — *Complaint.* — *Two Acts of Negligence Charged.*—*Sufficiency of Evidence.*—In an action by an employe in a foundry for injuries caused by being struck by a crane and ladle and pushed into a pool of molten steel, the complaint contained averments that the defendant was negligent in putting the molten steel upon the floor, and in pushing the crane and ladle without warning against plaintiff. *Held,* that the complaint did not charge two acts of negligence acting conjointly, and that there might be a recovery though but one of the acts of negligence was proved. *p. 353.*

MASTER AND SERVANT.—*Contributory Negligence.*—*Presumption.*—In an employe's action for damages for personal injuries sustained while working in a dangerous place, the jury returned a general verdict for plaintiff, and, in answer to special interrogatories, found that there was another method of doing the work. *Held,* that it would not be presumed, in the absence of a finding to that effect, that such other method would have been less dangerous. *pp. 353, 354.*

SAME.—*Dangerous Working Place.*—*Assumption of Risk.*   An employe who by the direction of his foreman does work knowing that if the foreman negligently causes adjacent appliances to be moved without warning that it would be a place of danger, such employe is not required constantly to watch the appliances to see if they are to be moved. *pp. 354, 355.*

SAME.—*Knowledge of Danger.*—*Instruction.*—In an action by an employe for personal injuries an instruction that if plaintiff was employed to work and to obey orders of the foreman in a certain department of defendant's factory, then such employe was not required to have any better knowledge of the condition of the machinery than he would derive from a reasonable and careful exercise of his sight and hearing, and if, under such circumstances and while in the line of his duty, and obeying orders of the foreman, plaintiff was injured without contributory negligence on his part, the jury should find for the plaintiff, is not errone-

ous as tending to mislead the jury into concluding that there might be a recovery even though plaintiff had actual knowledge of the danger.  *p. 855.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Thomas Richards against the Gould Steel Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. W. Lovett, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

*M. A. Chipman, S. M. Keltner, E. E. Hendee* and *J. E. Wiley,* for appellee.

ROBINSON, J.—The complaint avers that the appellant is a Virginia corporation operating a factory in this State for casting and molding steel, and uses a large number of molds, a large iron hydraulic crane, and a large ladle. The molds are from two to five feet long, two to three feet wide, one to two feet deep, and consist of an upper and lower part fastened together with clamps. These molds, elevated from five to fifteen inches above the floor, were placed side by side forming an inner and outer circle, the latter being about 150 feet in circumference. In the center was an upright iron or steel shaft about fifty feet high constructed so as to revolve. Attached to this shaft was a steel crane, about twenty-five feet in length, consisting of two arms swinging from the shaft, and six or seven feet apart at the outer end. Attached to these ends, over the molds, was a large ladle used to hold melted steel which was poured from the ladle into the molds. At the time of the injuries there had been left, after the molds were filled, a large amount of melted steel or slag which appellant "carelessly and negligently poured out upon the ground immediately outside the outer circle of molds and in close proximity thereto, and which spread, ran over, and covered a large space of ground." Appellant, through its agent Lawrence Howard, had immediate control over the place and workmen at the

time. On January 2, 1899, appellee was at work as a laborer in the molding department and his duties did not subject him to any unusual danger, risk, or hazard. A part of his duty was to go upon the molds and remove the clamps. While so engaged "and while near said molten slag, and while in a stooping position so attending to his said work as aforesaid, the defendant, by and through its said agent and representative Lawrence Howard, without giving any notice, signal, or warning whatever of its intention so to do, then and there negligently, carelessly, and recklessly ordered and caused said crane and ladle to be pushed with great force and violence against him, the plaintiff;" that it was the duty of appellant and its agent to warn appellee that the crane was about to be started, in order to give appellee sufficient time to get out of the way, which they negligently failed to do; that appellant, through such agent, "then and there negligently and recklessly caused said crane to knock said plaintiff over and off said molds and into said molten steel or slag which said defendant had as aforesaid negligently and recklessly poured out upon the ground and near where plaintiff was working; that plaintiff being then and there wholly occupied in the work he was ordered to do by said defendant and said defendant's agent, and which work plaintiff was so doing, did not and could not see or hear the approaching crane and ladle, and did not and could not know it was approaching him until it struck him as aforesaid; that by reason of the crane and ladle being pushed violently against him by said defendant as aforesaid, he was violently knocked over and off of said molds and into said molten steel or slag, and thereby was greatly and grievously burned, maimed, bruised, hurt, and injured, and his left heel and foot were seriously burned and permanently injured, his left ankle greatly and permanently damaged, and his left shoulder bruised and hurt; that by reason thereof and in consequence of said injuries plaintiff's nervous system has been permanently injured,

and his general health permanently impaired; and that said acts of said defendant and its agents were negligently and carelessly done, and that said injury was received by said plaintiff without any fault on his part contributing thereto;" that appellee was working under the commands of appellant and Howard, who knew that appellee was engaged in removing the clamps, and that the crane and ladle, when started, would hurt and injure appellee; and, so knowing, they carelessly and negligently caused the crane and ladle to be moved, and to knock appellee off the molds into the molten steel and slag, which had been carelessly and negligently placed near and adjacent to the place where appellee was compelled to and did work at his employment.

The jury, in answer to interrogatories, find that when injured appellee had been in appellant's employ seven years, and had been employed in the casting and molding department about three years, and was working in this department when injured. He was well acquainted with the location of all the machinery, tools, and appliances used in this department, and with the manner of their operation and use. The business was necessarily attended with danger to employes, and with these dangers appellee was acquainted. By the order of Lawrence Howard, appellee at the time in question placed himself in a position of danger. He knew at the time he was injured that he was in a position of danger if the crane and ladle were moved. He could have known, by the exercise of reasonable care, that the position he took before his injury was a dangerous one if the crane and ladle were moved without warning. He knew the pool of slag had been drawn from the ladle, and the place on the floor where the pool was. There is no evidence that appellant was guilty of any act of negligence in putting the pool of slag on the ground or floor of the casting or molding department. During all the time appellee had worked at the factory it had been the custom to cast the molten slag upon the floor, and at and prior to appellee's

injury he knew of this custom. The evidence did not show that there was any other way, or that others engaged in similar business had any other or better mode of disposing of the slag than to cast it out of the ladle into a pool upon the floor. Appellee went upon the molds after the slag had been emptied upon the floor immediately north of the crane and ladle within two or three feet of the same. He knew that the crane and ladle were liable at any time to be moved in such a way as to pass over the molds on which he stood, and in that event that he would be struck with the crane and ladle if he remained there. The crane and ladle were south of appellee at the time of the injury. He had remained on the molds about three or four minutes before he received the injuries. Appellee was ordered to go upon the molds by the foreman to remove the clamps and wedges. This order was given about three or four minutes before he received his injury. It was not necessary for appellee to go upon the molds to get the clamps and wedges; he could have gotten them without going upon the molds. Appellee knew at the time he went upon the molds that he was going into a place of danger if the crane and ladle were moved without warning. At the time appellee went upon the molds he did not know there was a man behind the ladle and crane for the purpose of pushing it north in such a manner as to make it pass directly over the place where he stood. There is no evidence that appellee made any observation or effort while he was standing on the molds to ascertain what was being done with the crane and ladle.

The errors assigned are, overruling appellant's motion for judgment on the answers to the interrogatories, and overruling the motion for a new trial.

It is argued that the complaint charges two acts of negligence on the part of appellant, acting conjointly, as the result of which appellee was injured; and as the jury find that there was but one act of negligence proved, there can

be no recovery.  It is the law that if two acts of negligence are averred, and the only injury complained of resulted from these two acts acting conjointly, there can be no recovery if one of the acts of negligence is found not to exist. It is also well settled that where there are several charges of negligence, either of which is sufficient, it is not necessary to prove the several charges.

It is true the complaint avers that appellant was negligent in putting the slag on the ground, or floor, near the molds, and that it negligently caused the crane and ladle to be pushed without warning and with great force against appellee.  But the injury complained of, as above set out, did not necessarily result from being struck by the crane and also from coming in contact with the molten slag or steel. He avers he was injured by being thrown into the slag, and he also avers an injury which was not necessarily caused by the molten metal, but which may have been caused wholly from being struck by the crane.  It was only necessary that he should prove as many of the facts averred as amounted to or constituted a cause of action.

In *Terre Haute, etc., R. Co.* v. *McCorkle,* 140 Ind. 613, cited by appellant's counsel as decisive of this case, "the particular negligence complained of as the cause of appellee's injury consisted of two separate defects in a box car."  And it is there held that "when a cause of action depends on two or more facts, no proof short of proving the substance of each and every one of them will warrant a recovery."  But in the case at bar the averments of negligence concerning the pool of slag might be omitted from the complaint and there would still remain a cause of action.  The injuries complained of did not necessarily result from both acts of negligence acting conjointly.  Nor do we think the complaint avers no injuries to appellee except such as were produced by coming in contact with the molten metal.  See *Standard Oil Co.* v. *Bowker,* 141 Ind. 12; *Terre Haute, etc., R. Co.*

v. *Lauer,* 21 Ind. App. 466; *Diamond Block Coal Co.* v. *Edmonson,* 14 Ind. App. 594.

It is further argued that the answers show that appellee was guilty of contributory negligence, and assumed the risk. It appears appellee had been in appellant's employ seven years, and had been three years in the department where he was at work when hurt; that he was acquainted with the appliances and machinery and with their use, and was acquainted with the dangers incident to his employment. It is true the jury find that appellee knew that the crane and ladle were liable at any time to be moved in such a way as to pass over the molds on which he stood, and in that event that he would be struck with the crane and ladle if he remained there. But they also find that he knew he was going into a place of danger, if the crane and ladle were moved without warning. There is no finding that he went into a place that was, in and of itself, necessarily dangerous. There is evidence that it was the custom and duty of the foreman to see that all were off the molds and out of danger before he would give the order to move the crane and ladle, and that he gave the order at this time without giving any warning. The jury also find that it was not necessary to go upon the molds to get the clamps and wedges, and that he could have gotten them without going upon the molds. But no presumptions can be indulged in aid of the answers when it is sought to overthrow the general verdict. There may have been some other method of removing the clamps and wedges, but we can not presume that it was any the less dangerous than the method employed. And from a consideration of the evidence upon this point the jury might have concluded that while the clamps could be removed without going upon the molds, yet, in removing part of the clamps, there was no way in which the work could be more safely done than by going upon the molds. It is also found by the jury that appellee was ordered to go upon the molds and get the

clamps and wedges. It was his duty to do the work he was ordered to do. It would be inconsistent with his proper attention to his work to require that he should constantly watch the crane to see if it was to be moved. See *Baltimore, etc., R. Co.* v. *Peterson,* 156 Ind. 364.

Where a person "has within his own control the manner of using an obviously defective tool, and the means of securing safety, if he chooses to employ them, if he neglects the means of security to himself he elects to take the risk." *Jenney Electric, etc., Co.* v. *Murphy,* 115 Ind. 566. But in the case at bar it can not be said from the findings that appellee neglected to employ means of safety which were within his own control. The movement of the crane was not under his control. He was not injured while using in his own way any appliance the defect of which was equally open and obvious to both parties. He was in a place where he was ordered by the foreman to go. He knew it was a place of danger if the crane and ladle were moved without warning; and he knew they were liable to be moved at any time. But there is nothing in the findings from which it can be said that he was bound to know they were liable to be moved at any time without warning.

In the fourteenth instruction the court said to the jury: "Consequently, if you find from the evidence in this case that Thomas Richards was employed by the Gould Steel Company to work in the molding and casting department, and to obey the orders of the foreman of that department, who was Lawrence Howard, then and in that event the said Richards was not required to have any better knowledge of the condition of the machinery and appliances than he would derive from a reasonable and careful exercise of his sight and hearing; and if you find that under these circumstances, and while in the line of his duty, and obeying the orders of the foreman, the said Richards, without any contributory negligence on his part, was burned and injured by the negligence of defendant, as alleged in the complaint,

it will be your duty to render a verdict for the plaintiff in this case." We do not think this instruction would mislead the jury into concluding that there might be a recovery even though the appellee had actual knowledge of the danger.

Objections of a similar nature are also made to other instructions given. But in this case it is not so much the actual *condition* of machinery and appliances as it is the use of such machinery and appliances. Complaint is not made of some previous negligent act of appellant, but of a negligent omission of duty at the time of the injury. It is not altogether a question of whether appellee had actual knowledge of the dangerous conditions surrounding him. Appellee could not be held to anticipate that while he was engaged in the work he was ordered to do appellant would do any negligent act. But for this negligent act, done at the time, and which appellee could not anticipate, the accident would not have happened. Thus, in the seventeenth instruction, the court correctly told the jury: "If you find from a preponderance of the evidence that Lawrence Howard was defendant's foreman in the department where plaintiff worked when he was injured, and that plaintiff was required to act upon the order and direction of such foreman, and you find that such foreman ordered plaintiff to go upon the molds to release the clamps, and that in compliance with such order he did so, and that while so upon said molds in the discharge of his duty, and without any other notice or warning to plaintiff, said foreman directed plaintiff's co-employes to move the crane and that they did so move said crane and struck plaintiff with same and knocked him into the pool of slag, and you further find that after such order to the men to move the crane was given, plaintiff could not, by the use of reasonable and ordinary care, have escaped from his position and avoided being struck by said crane and avoided his injury, you may find for the plaintiff."

Upon a careful consideration of all the instructions we

find no error authorizing a reversal. The instructions given fully covered the issues presented. There is evidence to sustain the verdict. No question is made as to the amount of the recovery.

From the whole record it appears that the case was fairly tried, and a correct conclusion reached. Judgment affirmed.