## Merica v. Fort Wayne and Wabash Valley Traction Company.

[No. 7,468.    Filed January 25, 1912.]

1. MASTER AND SERVANT.—*Employers' Liability Act.*—*Train Dispatcher.*—*Motorman.*—*Orders.*—*Complaint.* — A complaint by a motorman of an interurban car, alleging that defendant company's dispatcher ordered him to operate a certain car as motorman, and that while operating such car he was injured, does not show that he was injured while acting "in obedience to the particular instructions given by any person delegated with the authority in that behalf," as provided in subdivision three of section one of the employers' liability act (Acts 1893 p. 294, §8017 Burns 1908).    p. 292.

2. PLEADING.—*Complaint.*—*Prolixity.*—Prolixity does not vitiate a complaint.    p. 293.

Merica *v.* Fort Wayne, etc., Traction Co.—49 Ind. App. 288.

3. MASTER AND SERVANT.—*Defective Appliances.—Knowledge.*— Knowledge by a motorman of defective fuse which he used, precludes a recovery by him for injuries sustained by his use of such fuse. p. 293.

4. PLEADING.—*Complaint.—Theory.*—The theory of a complaint must be determined from its general scope and tenor; and the facts stated may overthrow the complaint on one theory and sustain it on another. p. 293.

5. NEGLIGENCE.—*Several Acts of.—Complaint.*—A complaint that alleges several acts of negligence, each of which is alleged to be the proximate cause of the injury, is sufficient if one of such acts shows a cause of action. p. 294.

6. NEGLIGENCE.—*Elements.—Complaint.*—A complaint for negligence must show a duty owing from defendant to plaintiff, a breach of such duty by defendant, and proximately resulting injury to the plaintiff. p. 294.

7. MASTER AND SERVANT.—*Railroads.—Safe Appliances.—Inspection.*—It is the duty of an interurban railway company to furnish safe equipment for the operation of its cars, and to make reasonable inspection thereof. p. 294.

8. MASTER AND SERVANT.—*Assumption of Risk.—Interurban Railroads.—Latent Dangers.*—A motorman assumes the ordinary patent but not latent risks of his employment. p. 294.

9. MASTER AND SERVANT.—*Latent Defects.—Interurban Railroads. —Defective Motors.—Complaint.*—A complaint alleging that the defendant interurban railway company's motor and the wires connected therewith were not properly insulated and were encased and hidden, that the switch was defective and the wires leading therefrom to the motor were hidden, that these defects were known to defendant and unknown to the plaintiff, a motorman, that defendant failed to make a proper inspection, that because of these defects the plaintiff in trying to adjust a fuse was injured, states a cause of action, and warrants a recovery upon proof that any one of such acts was the proximate cause of his injury. p. 295.

10. NEGLIGENCE.—*Several Acts Combined.—Recovery.*—Where several acts in combination are required to constitute a cause of action, all such acts must be proved in order to warrant a recovery. p. 295.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Francis H. Merica against the Fort Wayne and Wabash Valley Traction Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

VOL. 49—19

*Levi Mock, John Mock* and *George Mock,* for appellant. *Eichhorn & Vaughn* and *Barrett & Morris,* for appellee.

FELT, C. J.—This was an action brought by appellant against appellee, to recover damages for personal injuries sustained while acting as a motorman in the employ of appellee.

A demurrer to appellant's amended complaint, for want of facts was sustained, and appellant refused to plead further. Judgment was rendered against him for costs, and this appeal taken. The only error assigned is the ruling on the demurrer to the amended complaint.

Appellant, in substance, averred that appellee was a corporation organized and doing business under the laws of Indiana; that it operated an electric railroad between Fort Wayne and Bluffton, Indiana; that on May 9, 1908, and for several weeks prior thereto, said corporation operated over its railway a certain car, known as No. 206, which car was old, worthless and condemned, and was dangerous to operate over said railway; that appellant was employed by appellee as a motorman, and on the date aforesaid was duly assigned to said car by order of appellee's train dispatcher, and in pursuance of such order was transferred from another car to said car No. 206, at switch No. 104, and ordered to operate it as motorman; that in pursuance of such orders he ran said car from siding No. 104, to the city of Bluffton, a distance of fourteen miles; that just as he entered said city the fuse in the fuse-block, which connected the wires leading to the motor on said car that operated the air-pump thereon, burned out; that part of the duties of appellant as motorman were to replace broken fuses which were burned out on the cars he operated; that appellee negligently failed to furnish appellant or said car No. 206 with a lantern, or with insulated No. 10 ampere noark lead fuses, which were the proper kind of fuses to be used, but only furnished appellant with a No. 10 ampere uninsulated lead

NOVEMBER TERM, 1911. 291

Merica *v.* Fort Wayne, etc., Traction Co.—49 Ind. App. 288.

wire; that about eight inches above the fuse-block is a switch, which, by turning the button thereon, operates to turn off and on the electricity used to operate the motor for said air-pump; that a wire leads from said switch and is connected with the wire which furnishes the electricity to run said car; that to replace a fuse while the electricity is turned on, it is necessary that the button on said switch be turned and the electricity shut off below said switch; that the proper wire to use on the motor used to operate the air-pump on said car was wire that was insulated, so that a short circuit could not occur by the contact of the wires with each other; that it was the duty of appellee to furnish a motor on said car to operate the air-pump thereon which was properly insulated, and to furnish a switch which, when the button was turned, would shut off the electricity running to the motor used to operate said air-pump; that appellee failed to furnish the motor on said car, which was used to operate the air-pump thereon, with properly insulated wires; that said motor on said car had been in use a long time, and was encased so that appellant could not see any part thereof without removing said encasement; that appellee failed to furnish said car with a proper switch with which to shut off the current of electricity which leads over the wires to said fuse-block and to the motor which operates said air-pump on said car, but instead furnished a switch which was old and worn, and would not properly shut off the current of electricity when the button thereof was turned in the proper manner to shut off such current of electricity, which defectiveness was unknown to appellant at the time he endeavored to replace the fuse in said fuse-block which had burned out; that he had no means of knowing of the defects of said switch or motor, and without any knowledge thereof turned said button to shut off the current of electricity at said switch, and endeavored to replace said burned-out fuse; that it was the duty of appellee to inspect said car before it was turned over to appel-

lant, and it failed so to do; that if proper inspection had been made appellee "could and would have discovered the defects in said switch and motor that operated said air-pump, and would have known that said car was not supplied with any fuses of any nature;" that while appellant was engaged in a proper manner in replacing the fuse, which had burned out, with the uninsulated lead wire fuse furnished by appellee, a short circuit was formed in said motor on account of its defective and insufficient insulation; that on account of the defective condition of said switch and of said motor the full current of electricity passed through said fuse, and caused it to explode near appellant's eyes and face; that appellant at the time of said injury did not know, and had no means of knowing, of the defective condition of said car; that appellee knew of said defects in said car when appellant was ordered to operate it, and when his injury was received on account thereof; that because appellee negligently failed to provide said car with said insulated No. 10 ampere noark fuse, and on account of said defective switch and motor, when appellant attempted to replace the burned-out fuse, and after he had in a proper manner turned said button on said switch, which should have cut off the current of electricity from said wires leading to said fuse-block, and because said switch failed properly to shut off the current of electricity at said switch, the current of electricity which passed through said wires and fuse caused said fuse to explode and burn, thereby tearing appellant's gloves off his hands, throwing him across the vestibule of said car, and severely injuring his eyesight.

The complaint is long and contains some surplus averments. The allegations as to the orders of appellee's train dispatcher and appellant's duty to obey them, and

1. the details of appellant's run on the day of his injury, do not bring the case under the statute (§8017 Burns 1908, Acts 1893 p. 294, §1), and only serve to show

that appellant was performing the work to which he was assigned, and acting in the line of his employment as a motorman, at the time of his injury.

The details are alleged to show how appellant was transferred to car No. 206 at a switch in the country, with no opportunity or time for inspection by him. This part of the pleading is unnecessarily prolix, but it does not make the complaint bad.

The effect of the averments that a particular kind of fuse was proper, and should have been provided by appellee, and that another and unsafe kind was furnished, need not be determined here, further than to state that the averments also show that appellant knew of the alleged defects of the fuse when he undertook to use it, and this knowledge on his part precludes any recovery by him on account of such defective fuse. *Jennings* v. *Ingle* (1905), 35 Ind. App. 153; *Kentucky, etc., R. Co.* v. *Moran* (1907), 169 Ind. 18.

But the complaint also alleges negligence of appellee based on other acts of omission and commission. Appellee claims that these are also insufficient for the following reasons:

(1)    The negligence relied on is that of a fellow servant;

(2)    appellant assumed the risk;

(3)    the proximate cause of the injury is not shown to be any defect in the car.

The theory of a complaint is to be determined by its general scope and tenor, and not by fragmentary statements or detached parts thereof.

A fact, or facts, alleged may overthrow a complaint on one theory, and it may still be held sufficient on some other theory which the facts of the complaint sustain. *Romona Oölitic Stone Co.* v. *Tate* (1895), 12 Ind. App. 57, 62; *Monnett* v. *Turpie* (1892), 132 Ind. 482; *Balue* v. *Taylor* (1894), 136 Ind. 368.

In negligence cases the plaintiff may allege in a single

paragraph various and different defects, acts, omissions, or causes of injury, and if he show any one of them to

5. be the proximate cause of the injury complained of, the complaint will withstand a demurrer for want of facts. *New York, etc., R. Co.* v. *Robbins* (1906), 38 Ind. App. 172; *Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583, 588; *Gould Steel Co.* v. *Richards* (1903), 30 Ind. App. 348; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 16.

To make out any case based on negligence, the allegations must show (1) a duty owing by defendant to the injured party; (2) a failure of defendant to perform the

6. particular duty alleged; (3) an injury to plaintiff or the person he represents, as the proximate result of such failure. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 39 Am. St. 261; *Indiana, etc., Coal Co.* v. *Neal* (1906), 166 Ind. 458; *Coal Bluff Min. Co.* v. *Akers* (1907), 39 Ind. App. 617.

The duty of furnishing reasonably safe appliances and equipment with which to operate electric cars rests upon the operating company, and is a duty which such

7. company owes to its employes operating such cars. This obligation includes the duty of reasonable inspection sufficient to enable the company to know the condition of its cars and equipment so far as it may be ascertained by such inspection. *Kentucky, etc., R. Co.* v. *Moran, supra; Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197; *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308; *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564.

A motorman on an electric car, by virtue of his employment, assumes the ordinary risks and hazards incident to such employment, but he does not assume risks due

8. to latent defects and hidden dangers. *Pennsylvania Co.* v. *Witte, supra; Union Traction Co.* v. *Buckland* (1905), 34 Ind. App. 420; *Fort Wayne, etc., R. Co.* v. *Par-*

*sell* (1912), *ante*, 565; *Zentner* v. *Oshkosh Gas Light Co.* (1905), 126 Wis. 196, 105 N. W. 911; *Clowers* v. *Wabash, etc., R. Co.* (1886), 21 Mo. App. 213; *Kearney Electric Co.* v. *Laughlin* (1895), 45 Neb. 390, 403, 63 N. W. 941.

It is alleged that the motor and wires connecting therewith were not properly insulated, and were encased and hidden; that the switch was defective and the wires leading from it to the motor were hidden; that these defects and dangers were known to appellee and unknown to appellant; that appellant had no means of knowing of these defects and dangers, and appellee could, by inspection, have known of them, but failed to make proper inspection; that because of these defects appellant was injured. Either of these defects if proved might produce the injury complained of, independent of any proof of the other. Each is alleged to have caused the injury. These allegations bring this complaint clearly within the rule permitting different allegations of negligence, and warranting a recovery where proof of either is made, and is shown to be the proximate cause of the alleged injury.

If the switch had not failed to work, appellee might have escaped injury, notwithstanding his use of the fuse furnished by appellee; likewise, but for the alleged defective insulation.

There is a kindred class of cases where the cause of action is made to depend on two or more facts, or negligent acts, which, taken in combination, cause alleged injury. In such cases the complaint to be sufficient must show that the proximate cause of the injury was the combined acts or facts so alleged, and to warrant a recovery the proof must establish the substance of each of such averments. But this rule, though of frequent application, is not applicable to this case. *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613; *Gould Steel Co.* v. *Richards, supra.*

For the reasons already stated, the demurrer to the amended complaint should have been overruled.

Judgment reversed, with instructions to the lower court to overrule the demurrer to the amended complaint, and for further proceedings in accordance with this opinion.