## Keller *v*. Cox et al.

[No. 9,455.    Filed January 18, 1918.    Rehearing denied April 10,
1918.]

1. TRIAL.—*Exceptions to Conclusions of Law.—Effect.*—By except-
ing to the conclusions of law appellant concedes that the facts
within the issues are fully and correctly found.    p. 385.
2. TRIAL.—*Special Findings.—Failure to Find Essential Fact.—*
*Effect.*—The failure of the court to find a material issuable fact
is a finding against the party having the burden of proving the
same.    p. 386.
3. TRIAL.—*Conclusions of Law.—Sufficiency of Facts Found to*
*Support.*—In an action to set aside a deed on the ground of
fraud and undue influence, where the facts found showed neither
fraud nor undue influence in procuring the conveyance, the con-
clusion of law that the deed should not be set aside was sup-
ported by the facts and was not erroneous because plaintiff im-
poverished herself by the conveyance, there being no finding of
fact in reference thereto.    p. 386.
4. DEEDS. — *Validity.* — *Conveyance without Consideration.* — The
fact that a conveyance was made without any valuable considera-
tion is not alone sufficient ground to set aside a deed where the
question arises between the grantor and grantee.    p. 386.
5. TRIAL.—*Finding of Fact.—Evidence.—Sufficiency.*—Where there
is evidence tending to prove every material fact found by the
trial court, the evidence is sufficient to sustain the findings of
fact.    p. 387.
6. TRIAL.—*Special Findings.—Fact to Be Stated.—Ultimate Facts.*
*—Inferences from Evidentiary Fact.*—A special finding should
contain only the ultimate facts in issue, and not mere evidentiary
facts, though the trial court may properly state, in its finding,
any ultimate or inferential fact established by the evidence.    p. 387.
7. TRIAL.—*Special Findings.—Ultimate Facts.—Inferring from Evi-*

dence.—Ultimate facts are inferred from evidentiary facts and circumstances, and are fully warranted where they may be reasonably inferred therefrom. p. 387.

8. CANCELLATION OF INSTRUMENTS.—*Deed.—Issues.—Proof.—Pleading Distinct Grounds of Relief.*—In an action to set aside a deed for fraud and undue influence, allegations in the complaint that the conveyance was without consideration and improvident, whether viewed as related to the charge of fraud or undue influence, or as stating a separate ground of recovery, presented issuable facts which plaintiff had a right to prove by competent evidence, since under the Code a plaintiff may in a single paragraph aver all the facts relating to the transaction in controversy and may recover on proof of such part of the facts averred as constitute a ground of recovery, though the complaint may also charge other facts, not proved, which if proved would likewise authorize a recovery. p. 387.

9. DEEDS.—*Validity.—Improvident Conveyance.—Equitable Relief.* —Where a weak, aged, or infirm person improvidently conveys her property without receiving any valuable consideration therefor, or for grossly inadequate consideration, thereby depriving herself of means of support, equity will require the reconveyance or restoration of the property, upon demand of the grantor, where the parties may be placed in *statu quo*, and such grantor has done or offers to do that which is necessary to restore the *statu quo ante.* p. 389.

10. DEEDS.—*Validity.—Constructive Fraud.—Improvident Conveyance.—Equitable Relief.*—The improvident conveyance of property by a weak, aged, or infirm person without receiving a valuable consideration therefor, or for a grossly inadequate consideration, amounts to constructive fraud, and where the question arises between the improvident grantor and the grantee equity will intervene to compel the restoration of such property. p. 390.

11. CANCELLATION OF INSTRUMENTS.—*Deed.—Improvident Conveyance of Property.—Evidence.*—In an action to cancel a deed for fraud and undue influence, where the complaint contains allegations sufficient to present the issue that the conveyance was without consideration and improvident, plaintiff was entitled to prove the cost of the reasonable care, attention and maintenance required by her, and the amount of her annual income. p. 392.

12. APPEAL.—*Review.—Exclusion of Evidence.—Presumption of Error.*—Error in excluding material evidence is presumed to be harmful. p. 392.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Josephine Keller against Melissa Jane Cox and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*O. B. Ratcliff*, for appellant.

*V. E. Livengood* and *Forest E. Livengood,* for appellees.

Felt, J.—Appellant filed her complaint against appellee in two paragraphs. The first paragraph seeks to quiet title to thirty-three acres of real estate in Fountain county, Indiana. The second seeks to set aside a deed by which appellant conveyed said real estate to appellee Melissa Jane Cox on the ground that the conveyance was procured by fraud and undue influence and without any consideration whatever. Issues were joined by general denial, and upon request the court made a special finding of facts and stated its conclusions of law thereon.

The errors assigned and relied on for reversal of the judgment are that the court erred in the first conclusion of law, and in overruling appellant's motion for a new trial.

The substance of the finding of facts is as follows: Appellant was a widow, and the owner of the real estate in controversy. She had one son and three daughters. Appellee Melissa Jane Cox is her daughter, and appellee Robert L. Cox is the husband of Melissa Jane. Appellant's husband died in 1905, when she was about sixty-five years of age. Thereafter she lived a part of the time with her children and part of the time at her home on the real estate in controversy. In 1908 she suffered a slight stroke of paralysis, while living with her daughter, Sarah E. Allen. In February, 1909, after she had largely

recovered, she went to the home of appellee and remained there for about four weeks, after which she went to her own home. In the spring of 1909 appellant had some difficulty or misunderstanding with her son about some rents and personal property. In June, 1909, she informed her daughters that she intended to deed her real estate to them, and that her son should have no part thereof. Her daughter Sarah E. Allen refused to accept such conveyance. Appellant requested her daughter Sarah E. Allen, to communicate with appellee Melissa Jane Cox and inform her of her intention to convey her real estate to her, and to request her to come to appellant's home; that she complied with such request, and was informed by appellant that she desired to make her a deed for her land, reserving to herself the rents and profits, for life, and at her death the said Melissa Jane should divide the proceeds among appellant's three daughters; that said Melissa Jane orally consented to the proposal; that some time thereafter, at the request of appellant, and without the knowledge of appellee, appellant was taken to Covington, by her daughter Mrs. Allen and her husband, where she executed the deed and caused it to be duly recorded; that appellant received no valuable consideration for the conveyance, which was executed on July 13, 1909, reserving the rents and profits of the land to appellant for life. The deed was thereafter mailed to appellant by the recorder, and a few weeks after receiving the same appellant delivered it to appellee Melissa Jane, with arrangements as aforesaid as to sale of the land and distribution of the proceeds. Appellant rented her land both before and after the deed was executed, and received the rents therefrom, amount-

ing to about $60 per year, which was the reasonable rental value thereof. At the time the deed was executed appellant drew a widow's pension of $8 per month, which has since been increased to $12 per month; that appellant owns personal property of the value of $100, and a small house located on the land of her son-in-law worth $75, and has no other property or income except as above shown. For some time prior to July 13, 1909, appellant lived with her daughter Sarah E. Allen, and thereafter for about four years, and in February, 1913, she went to reside at the home of her son, Joseph Keller, where she continued to reside; that each of her daughters expressed a willingness to render their mother any care and attention that she required without charge; that appellant's general health is reasonably good, but she is unable to walk about without assistance; that she is illiterate, cannot read or write, but "is a person of sound mind and understanding and was at the date of the execution by her of said deed and fully understood the business she was directing and transacting and deeded it of her own volition without being influenced by her." The findings also show that before bringing this suit appellant requested a reconveyance to her by appellees of the real estate aforesaid, and caused a deed in due form to be duly presented to them, for that purpose, and that they refused to execute the same.

The court stated its conclusions of law to the effect that appellant was not entitled to recover, and that the deed in controversy should not be set aside.

1. Appellant excepted to the conclusions of law. By so excepting she concedes that the facts within the issues are fully and correctly

found. The failure of the court to find a mate-
rial issuable fact, the burden of proving which
rests upon one of the parties, is a finding
against the party having the burden of proving such
fact.

No facts are found which show undue influence or
fraud in procuring the conveyance, but on the con-
trary the ultimate facts found show that ap-
pellant was of sound mind and fully under-
stood what she was doing, and executed the
deed voluntarily, free from any influence of the
grantee.

Appellant contends that the conclusions of law are
erroneous, because appellant impoverished herself by
the conveyance, and did not have sufficient income or
property left for her reasonable support.

If it be true that the conveyance was improvident,
and that appellant thereby impoverished herself, and
did not have sufficient means left to provide for her-
self reasonable support, still it does not follow that
the court erred in its conclusions of law, for no facts
are found which show the conveyance to have been
improvident, or that appellant did not have sufficient
means left for her reasonable and comfortable sup-
port.

The findings do show that the conveyance was made
without any valuable consideration, but this alone is
not sufficient ground to set aside a deed where
the question arises between the grantor and the
grantee. *Barnes* v. *Bartlett* (1874), 47 Ind. 98,
103; *Aldrich* v. *Amiss* (1912), 178 Ind. 303, 305, 99
N. E. 419.

The court did not err in its conclusions of law on
the facts found.

Appellant also contends that the evidence is insufficient to sustain the finding of facts, but such
5.  contention cannot be sustained, since there is evidence tending to prove every material fact found by the court. A special finding should
6.  contain only the ultimate facts in issue, and may not properly contain mere evidentiary facts. The trial court may properly state in its finding any ultimate or inferential fact established by the facts and circumstances shown by the evidence in the case.

Ultimate facts are inferred from evidentiary facts and circumstances, and are fully warranted where they may reasonably be inferred therefrom.
7.  *Bradway* v. *Groenendyke* (1899), 153 Ind. 508, 512, 55 N. E. 434; *Craig* v. *Bennett* (1896), 146 Ind. 574, 575, 45 N. E. 792; *Barrett* v. *Sipp* (1911), 50 Ind. App. 304, 314, 98 N. E. 310.

As grounds for a new trial appellant urges that the court erred in excluding certain evidence.

Appellant offered to prove by competent witnesses that they were acquainted with the cost of the reasonable care, attention and maintenance required by appellant, in her condition, and that
8.  the same amounted to $400 per year; that her total income did not exceed $204 per year. The testimony was excluded on objections made by appellees, to which rulings appellant duly excepted. Appellant also offered to prove that appellant's enfeebled condition was incurable, and that her condition would not improve, but would grow worse. This evidence was also excluded on objection by appellees, to which ruling appellant excepted.

Some of the evidence suggested may have been

excluded because of the form of the questions, but numerous questions were asked seeking to prove the facts suggested, and there is enough in the record to require this court to consider the alleged error in excluding the offered evidence.

In the second paragraph of her complaint appellant avers that she received no consideration for making the conveyance to her daughter; that to induce her to convey the real estate in controversy appellees promised and agreed that they would reconvey the same to her whenever she requested them so to do, "or in case said lands became necessary to her support"; that the rents and profits of said real estate and her pension are wholly insufficient to supply her needed support and maintenance; that before bringing this suit she caused a demand to be made upon appellees for a reconveyance to her of the real estate, and notified them that she disaffirmed her deed to said Melissa Jane, and caused a deed to be duly prepared and tendered to appellees, by the execution of which they were to reconvey said real estate to her and place her in *statu quo,* but appellees refused and still refuse to execute such deed or to reconvey the land to her.

The trial court seems to have excluded the offered evidence on the ground that it was not germane or material to either the issue of fraud or undue influence presented by the complaint.

The second paragraph of complaint contains averments, in addition to those above set out, which are sufficient to present the issues of fraud and of undue influence.

Appellant, in effect, contends that the averments above set out present another issue, upon which there

may be a recovery independent of the issues of fraud and undue influence, by proving that the conveyance was improvident, but that appellant thereby deprived herself of the necessary means of support.

Under our Code a plaintiff may in a single paragraph aver all the facts relating to the transaction in controversy and may recover on proof of such part of the facts averred as constitute a ground of recovery, though the complaint may also charge other facts, not proved, which if proved would likewise authorize a recovery. *Merica* v. *Ft. Wayne, etc., Traction Co.* (1911), 49 Ind. App. 288, 294, 97 N. E. 192; *Gould Steel Co.* v. *Richards* (1902), 30 Ind. App. 348, 352, 66 N. E. 68.

The averments above set out seem to afford a ground of recovery independent of the other averments which show fraud and undue influence. But whether the averments be viewed as related to the charge of fraud or undue influence, or as stating another cause of action or separate ground of recovery, they present issuable facts which the parties were entitled to prove or disprove by any competent evidence.

Where a weak, aged, or infirm person improvidently conveys her property without receiving any valuable consideration therefor, or for a 9. grossly inadequate consideration, and thereby deprives herself of the means necessary for her reasonable support and maintenance, equity will require the reconveyance or restoration of such property, or the annulment of the transfer by which such aged or infirm person improvidently disposed of the same, upon demand of the donor or grantor, where the parties may be placed in *statu quo,* and such

grantor has done or offers to do that which is necessary to restore the *statu quo ante,* and it is shown that the property in question is in fact needed for the reasonable support and maintenance of such donor or grantor.

Under the law such facts amount to constructive fraud, and where the question arises between the improvident grantor or donor and the grantee 10. or donee, equity will intervene to compel the restoration of such property so improvidently disposed of. This may be done though the deed or instrument by which the conveyance or transfer was made does not contain stipulations for the revocation of the gift, or the reconveyance of the property, if the necessary averments are made to bring the case within the rule, and the proof may be made by parol or other competent evidence. *Richards v. Reeves* (1897), 149 Ind. 427, 431, 49 N. E. 348 *et seq.; Ewing* v. *Wilson* (1892), 132 Ind. 223, 226, 31 N. E. 64, 19 L. R. A. 767 *et seq.; Culley* v. *Jones* (1904), 164 Ind. 168, 175, 73 N. E. 94; *Ashmead v. Reynolds* (1893), 134 Ind. 139, 143, 33 N. E. 763, 39 Am. St. 238; *Teegarden* v. *Lewis* (1895), 145 Ind. 98, 114, 40 N. E. 1047, 44 N. E. 9 *et seq.; Ikerd* v. *Beavers* (1886), 106 Ind. 483, 489, 7 N. E. 326; 2 Pomeroy, Eq. Jurisp. (2d ed.) §§922, 924, 927, 928, 943, 944, 948, 951, 955, 956, 957; 1 Story, Equity §§258, 259, 307-309; 20 Cyc 1219; *Highberger* v. *Stiffler* (1863), 21 Md. 338, 83 Am. Dec. 593, 597; *Nichols* v. *McCarthy* (1885), 53 Conn. 299, 315, 23 Atl. 93, 55 Am. Rep. 105; *Davis* v. *Dean* (1886), 66 Wis. 100, 26 N. W. 737, 741; *Gibson* v. *Hammang* (1901), 63 Neb. 349, 88 N. W. 500, 502; *Worrall's Appeal* (1885), 110 Pa. 349, 1 Atl. 380, 765; *Tracey* v. *Sacket* (1852), 1 Ohio 54, 59 Am. Dec. 610,

614; *Hart* v. *Hart* (1898), 57 N. J. Eq. 543, 546, 42 Atl. 153.

In *Hart* v. *Hart, supra,* 546, the court of Chancery of New Jersey said: "But I am of the opinion that the deeds and assignments of August 9th should not be permitted to stand. They were clearly improvident acts of an old lady of easily influenced mental disposition, who lived in the family of the grantee. The proof of the fairness of the transaction is thrown upon him. The improvidence of these transfers is obvious." In *Richards v. Reeves, supra,* our Supreme Court said: "It is to be remembered that this was not, strictly speaking, a contract between Mrs. Thompson and appellees, but a gift by her to' them. They had given nothing for what was promised them in the deed; and while, in general, a gift, under such circumstances, will be upheld in favor of a donee who is unwilling that it should be revoked, and particularly in favor of a minor for whom the law makes an acceptance, and who is himself unable to relinquish such gift, yet the reasons for upholding a contract do not obtain in all their force in favor of sustaining a simple gift, whether *inter vivos* or *causa mortis.* Equity will set aside such a voluntary gift when it is made to appear that the donor did not intend to make it irrevocable, or where the settlement would be unreasonable or improvident for lack of a provision for revocation. Mrs. Thompson had the first right to the use of her property; and if, through kindness to her, son and grandchildren, she forgot what might be needed for her own and her husband's feeble old age, and so, improvidently, deeded to them what she herself required to live upon, and which she never intended to give up, so far as might be neces-

sary for her sustenance, then the deed resulting from such a mistake will be set aside, as in other cases of mistake or in case of fraud. Even in case of pure contract, and where there is no question of gift, the law will give relief where proof of mistake or fraud is clear and convincing. Equity will not lend its sanction to what is unconscionable. * * * It is enough, in this case, that the facts admitted to be true by the demurrer to the answer show that Mrs. Thompson's deed was improvident, and that she needed the property for herself and her aged husband, that she intended to retain the right to revoke the gift, and that it was only by her own ignorance and mistake, and that of the scrivener, that a clause to show the retaining of such right of revocation was not inserted in the deed.''

In the light of the law as declared in similar cases, it was error to have excluded the evidence offered as above indicated. While the findings are against appellant on the issues of fraud and undue influence, it is apparent that an erroneous view was taken as to the effect of the averments above indicated and the importance of the evidence excluded.

The error in excluding material evidence is presumed to be harmful, and we are unable to say that the view of the law which led to the exclusion of the evidence as aforesaid was not influential in the ultimate decision of the case. For the errors in excluding evidence as above shown, the judgment should be reversed.

Information of the death of the appellant since the date of submission of the cause has been brought to the attention of the court. The judgment is there-

fore reversed as of the date of submission, with instructions to the lower court to sustain the motion for a new trial, and to permit such amendments as may be necessary in the premises.

Ibach, C. J., Batman, P. J., Dausman, Caldwell, and Hottel, JJ., concur.

Note.—Reported in 118 N. E. 543. See under. (4) 13 Cyc 534; (5) 38 Cyc 1967; (6) 38 Cyc 1981; (7) 38 Cyc 1981; (8, 9) 9 C. J. 1249; (10) 13 Cyc 574; (11) 13 Cyc 581.