Argued June 27, affirmed September 25, 1923.

# KLAMATH COUNTY *v.* KLAMATH COUNTY DEVELOPMENT CO.

### (218 Pac. 932.)

**Deeds—Notice of Re-entry Held Unnecessary upon Breach of Condition Subsequent in Deed.**

1. Where a deed to a county was conditioned on grantee's building a courthouse on the premises within a certain time, and the grantee had begun to build a courthouse on the premises, no demand by the grantor that the grantee complete it was necessary before proceeding to regain the property where the grantee, by constructing a new courthouse upon another lot, had put it out of its power to perform the condition.

**Equity—No Lien on Reverter of Land for Money Expended Decreed by Court Where No Pleadings to Support It.**

2. Where the grantor has acquired the right of re-entry for breach of a condition in a deed, no lien can be imposed upon the lands for money expended by the grantee in constructing a courthouse upon them where there are no pleadings to support such a decree.

From Klamath: G. F. SKIPWORTH, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. E. L. Elliott* and *Mr. Isham N. Smith.*

For respondent there was a brief and oral argument by *Mr. Harrison Allen.*

BURNETT, J.—This case was briefed and argued with the case of *Ward* v. *Klamath County, ante,* p. 574 (218 Pac. 927). In this suit the effort of the plaintiff county is to secure an injunction against The Klamath Development Company to prevent it

---

1. Reverter of land dedicated or conveyed for purpose of courthouse on removal of county seat or failure to use for such purposes, see notes in 1 **Ann. Cas.** 455; 35 **L. R. A.** (N. S.) 603.

from interfering with or attempting to cancel, break, annul or set aside the contract said to be pleaded in the complaint and to enjoin the defendant from asserting that the plaintiff has no interest in the premises described in the complaint. While it is asserted that The Klamath Development Company agreed to transfer property to the county if the latter would locate and construct a courthouse thereon, the only evidence of contract is the deed of June 30, 1911, containing the defeasance clause mentioned in the preceding case and the undelivered quitclaim deed which is said to have been deposited in the bank with escrow directions which have never been complied with. In addition to these also is a contract of May 1, 1918, reciting that The Klamath Development Company is the owner of block 10.

Really, the suit is designed to result in a decree quieting the title of the county to block 10. As we have shown in the preceding case, by the defeasance clause in the original deed and by the recital in the contract of May 1, 1918, the ownership of the property is in the defendant, The Klamath Development Company, and the plaintiff has no title therein to quiet. The record shows that Klamath County had every opportunity offered to it by The Klamath Development Company to complete the courthouse on Block 10. The defendant gave the county every opportunity to extricate itself from its difficulties and complete the building on that block. It is not apparent how The Klamath Development Company could have helped or prevented that which occurred in respect to the injunction suits mentioned in the pleadings. For all that appears in the record, they were rightful and properly allowed. In such a position, the county cannot shield itself behind them or make them binding

upon the defendant who does not seem to have been a party to any of them.

1. It is claimed that the defendant should have given notice to the plaintiff and demanded that it complete the courthouse before it set about to regain the property; but by the valid acts, adjudicated so to be, of the county, it has built a serviceable courthouse on its own land, resulting in a situation where it is powerless as against a complaining taxpayer, to continue the building of the Hot Springs courthouse. Although the County Court has the power to build a necessary courthouse, yet it has no right to go into that business by the wholesale or for speculative purposes. Thus, it appears that the county has maneuvered itself into a situation where its wants are supplied for courthouse purposes and that it has no right to build more courthouses, at least for the present. It is a situation where the plaintiff, as a matter of law, had put it out of its power to perform the contract and consequently, conceding only for the sake of the argument that there has been any contract pleaded, it was discharged and under such circumstances a demand would have been useless. This doctrine is taught in *Carter* v. *Rhodes,* 135 Cal. 46 (66 Pac. 985); *Bell* v. *Shields,* 18 Idaho, 649 (111 Pac. 1076); *Smith* v. *Jordan,* 13 Minn. 264 (97 Am. Dec. 232); *Stark* v. *Duvall,* 7 Okl. 213 (54 Pac. 453); *Andrews* v. *Frye,* 104 Mass. 234; *Gray* v. *Robertson,* 174 Ill. 242 (51 N. E. 248); *Richards* v. *Reeves,* 149 Ind. 427 (49 N. E. 348); *Grant* v. *Groshon,* Hard. (Ky.) 85 (3 Am. Dec. 725); *Negus* v. *Simpson,* 99 Mass. 388; *Bassett* v. *Bassett,* 55 Me. 127; *Newcomb* v. *Brackett,* 16 Mass. 161; *Delameter* v. *Miller,* 1 Cow. (N. Y.) 75 (13 Am. Dec. 512).

2. It is not apparent how the defendant could be estopped by any court action that has occurred or by

anything it has done or induced the county to do in all the history of these transactions. Neither can any lien be imposed by any decree in this suit upon block 10 for the repayment of the money expended by the county in the effort to construct a new courthouse on that property for one very good reason, that there is no pleading to support such a decree. ·

The decree of the Circuit Court dismissing the suit is affirmed.                    AFFIRMED.

Mr. Justice HARRIS concurs in the result.